933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emory DOTSON, Petitioner-Appellant,
v.
Carl HUMPHRIES, Respondent-Appellee.
 No. 91-3024.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Emory Dotson, an Ohio state prisoner, appeals through counsel the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Dotson entered no contest pleas to charges of complicity in aggravated trafficking in drugs, aggravated trafficking, trafficking, permitting drug abuse, fifteen counts of having a weapon under a disability and conspiracy to commit aggravated trafficking. His conviction was affirmed on direct appeal. In this habeas petition, he argued that the trial court erred in denying his motion to suppress evidence seized pursuant to an allegedly invalid warrant, and in denying his motion to dismiss the indictment due to an alleged violation of his right to a speedy trial. Over Dotson's objections, the district court adopted the magistrate's recommendation to dismiss the petition. The same claims have been urged on appeal.
 
 
 4
 Upon consideration, it is concluded that Dotson's fourth amendment claim is not a basis for federal habeas relief because he was provided a full and fair opportunity to litigate this claim in the state courts. See Stone v. Powell, 428 U.S. 465, 494 (1976). Dotson's arguments regarding the fairness of the suppression hearing do not alter the fact that he was afforded and availed himself of an opportunity to argue this claim on the merits in his direct appeal.
 
 
 5
 Dotson's speedy trial claim is barred from consideration because he has not shown cause or prejudice to excuse his failure to raise this claim as a federal constitutional issue in the state courts. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). Moreover, Dotson essentially raised this claim in the district court as a violation of state law, and as such it is not a basis for habeas relief. See Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988).
 
 
 6
 Accordingly, the district court's judgment dismissing this petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation